UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      Plaintiff,

      v.

JOHNMICHAEL SANTIAGO,

                      Defendant.

---

REPORT & RECOMMENDATION

22-MJ-4059
23-MJ-4059

On December 1, 2023, defense counsel filed a motion pursuant to 18 U.S.C. § 4241 for a hearing to determine the mental competency of the defendant and for a psychological or psychiatric evaluation. (22-MJ-4059, Docket # 45; 23-MJ-4059, Docket # 17). On December 13, 2023, defense counsel filed under seal medical records in support of her motion. (22-MJ-4059, Docket # 50; 23-MJ-4059, Docket # 21). The government did not oppose the motion for a competency evaluation. (22-MJ-4059, Docket # 47; 23-MJ-4059, Docket # 18). Finding reasonable cause to believe that the defendant could be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Court granted the motion and scheduled a competency hearing for January 31, 2024, which was thereafter adjourned. (22-MJ-4059, Docket # 51; 23-MJ-4059, Docket # 22).

Santiago was evaluated in late January and February 2024 by Kristin Conlon, Psy.D, a forensic psychologist at Metropolitan Correctional Center, Chicago, Illinois. (22-MJ-4059, Docket # 56; 23-MJ-4059, Docket # 28). On or about April 2, 2024, this Court

received Dr. Conlon's report diagnosing Santiago with "unspecified schizophrenia spectrum and other psychotic disorder" and "cannabis use disorder, moderate," but opining that "neither of these diagnoses was significant to [his] competency" and that he is currently competent to stand trial. (*Id.*). Dr. Conlon's report reflects a careful evaluation of both Santiago's ability to understand the nature and consequences of the proceedings against him and ability and willingness to assist properly in his defense. (*Id.*). Dr. Conlon observed that if Santiago were to discontinue his prescribed medications, however, "there is a chance his competency-related abilities will become impaired." (*Id.*).

At the court appearances on April 5, 2024 and April 10, 2024, neither the government nor the defense contested the report or the opinions contained therein. (22-MJ-4059, Docket ## 57, 58; 23-MJ-4059, Docket ## 29, 30). The defense requested that the findings be adopted without a hearing and the defendant be adjudged competent to stand trial; the government did not oppose that request. (*Id.*). Upon careful review of the thorough report, this Court finds by a preponderance of the evidence that the defendant is not presently suffering from a mental disease or defect that would render him mentally incompetent to the extent that he would be unable to understand the nature and consequences of the proceedings against him or render him unable to assist properly in his defense. *See* 18 U.S.C. § 4241. Of course, should defendant cease taking his prescribed medication, counsel may request and the Court may order further competency proceedings if reasonable cause develops to believe that defendant is no

longer competent to stand trial. Accordingly, it is the recommendation of this Court that the defendant be determined competent to stand trial.

<u>s/Marian W. Payson</u>
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      April 11, 2024

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(c) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(c)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                      *s/Marian W. Payson*
                                      MARIAN W. PAYSON
                                      United States Magistrate Judge

Dated: Rochester, New York
       April 11, 2024

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).